Janet J. YUCKERT, Plaintiff–Appellant,

v.

Otis R. BOWEN,[*] Secretary of Health and Human Services, Defendant–Appellee.

No. 84–4432.

United States Court of Appeals, Ninth Circuit.

March 8, 1988.

---

[*] Otis R. Bowen, the current Secretary of Health and Human Services, is substituted for former Secretary Heckler. *See* Fed.R.App.P. 43(c)(1).

**304**

James A. Douglas, Gibbs, Douglas, Theiler & Drachler, Seattle, Wash., for plaintiff-appellant.

Richard H. Wetmore, Asst. Regional Atty., Dept. of Health & Human Services, Seattle, Wash., for defendant-appellee.

Before WRIGHT, PREGERSON and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Plaintiff-appellant Janet J. Yuckert appeals from the judgment of the district court affirming the decision of the Secretary of Health and Human Services to deny Social Security disability benefits to her on the ground that she did not have a "severe" impairment within the meaning of 20 C.F.R. § 404.1520(c) (1987). We vacate the decision of the district court and remand this matter to the Secretary for a new administrative hearing.

I.

The evidence concerning the existence of Yuckert's physical impairments is not in dispute. At issue is the severity of her condition.

Yuckert claims that in 1979 she experienced a bout of headaches which left her with several debilitating ailments. She claims these ailments are of sufficient severity to preclude her from working as either a real estate salesperson or travel agent: the two occupations in which she had spent the sum of her working life.

Yuckert's major complaint is with her eyes. She claims she has lost the ability to refocus quickly when shifting from one object or word to another. When reading she can only focus on one word at a time. As a result, it can take her three or four hours to read a single magazine page. She also complains of balance problems, dizziness and headaches. She lists to the right when walking and often needs to cling to walls or furniture in order to keep upright. She needs support to stand. She continues to experience headaches approximately three times per week.

Yuckert has consulted with numerous physicians to get at the root of her problem. Physicians at the United States Public Health Hospital in Seattle ran an extensive battery of tests on her and discovered no abnormalities. A neuroophthalmologist was also unable to find anything wrong. An otologist ventured that she is incapacitated by "labyrinthine dysfunction"—a dysfunction of the inner ear. An allergist reached a similar conclusion: "Although we have no well described diagnosis, by exclusion (she had extensive ophthamalogic [sic], neurologic and ENT evaluations before coming to my clinic) I would say that she has nonspecific congestion of the nasal and middle ear mucous membranes." Both

the otologist and the allergist described Yuckert's impairments as "incapacitating."

Despite her ailments, Yuckert was able to pursue a course of study in computer programming at a community college. She drove to the campus five days a week, a round trip journey of 16 miles. She undertook 7 credit hours in what she described as her most difficult quarter. She studied 8 to 10 hours per night to keep up with her classwork. She needed to study such long hours because her focus problem reduced her reading speed. She maintained a "B" average at college.

## II.

Yuckert applied for disability benefits in October, 1980. The Washington Department of Social and Health Services determined she was not disabled and denied her request. Yuckert sought and received a review of this decision before an administrative law judge (ALJ).

The ALJ held Yuckert could only recover disability benefits if her impairments were "severe." Relying exclusively on the wording in 20 C.F.R. § 404.1520(c), he defined as severe only those "impairments which *significantly limit* physical or mental ability to do basic work activities." (Emphasis added). Applying this standard, the ALJ found the medical evidence inconclusive on the question whether her impairments posed significant limitations on her ability to work. While two physicians were willing to diagnose an "incapacitating" inner ear problem, they acknowledged their diagnoses were not supported by any of the numerous tests performed on Yuckert.

Left with this perceived void in the medical evidence, the ALJ focused on Yuckert's credibility. The ALJ found it incongruous that Yuckert was able to undertake "a relatively difficult higher education course learning the language of computers" in light of her claims of severe dysfunction. Based on this perception, he found she was "overemphasizing the effect of her impairment on her ability to perform basic functions." He concluded:

> This is not say that the claimant is free from episodes of dizziness, or vision

problems, but that the greater weight of the evidence fails to establish she suffers from a severe condition, and in accordance with the Social Security Act and Regulations promulgated by the secretary may not be considered to be "disabled."

## III.

Yuckert sought review of the ALJ's findings in the United States District Court for the Western District of Washington. The case was referred to a Magistrate who concluded the ALJ's decision that Yuckert's impairment did not "significantly impair" her ability to work was supported by substantial evidence. The district court adopted the Magistrate's report and affirmed the denial of Yuckert's claim. Yuckert appealed the decision of the district court.

We reversed and remanded without considering the substantiality of the evidence. We held the Social Security Act does not authorize the Secretary of Health and Human Services to deny a claim solely on the basis of a determination that the claimant is not severely impaired. *Yuckert v. Heckler*, 774 F.2d 1365, 1370 (9th Cir.1985). The Supreme Court reversed and remanded the matter to this court for consideration of the merits of Yuckert's claim that the ALJ's decision was not supported by substantial evidence. The Court held a threshold showing of severity is consistent with congressional intent. *Bowen v. Yuckert*, ⸺ U.S. ⸺, 107 S.Ct. 2287, 2294, 96 L.Ed.2d 119 (1987).

## IV.

We found the severity regulation invalid on its face. Thus, we did not reach Yuckert's contention that the regulation was invalid as applied because the ALJ required her to demonstrate impairments which "significantly limit" her ability to work. We review this claim *de novo*. *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir.1984) ("'[N]o ... presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper

standards to be applied in reviewing claim.'") (quoting *Smith v. Schweiker*, 646 F.2d 1075, 1076 (5th Cir.1981)).

## V.

"The Secretary has established a five-step sequential evaluation process for determining whether a person is disabled." *Bowen v. Yuckert*, 107 S.Ct. at 2290; 20 C.F.R. § 404.1520 (1986). At step two of this process "the decisionmaker ... determines whether the claimant has a medically severe impairment or combination of impairments." 107 S.Ct. at 2291. "If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied." *Id.*

Here, the ALJ found that Yuckert did not have a severe impairment, using 20 C.F.R. § 404.1520(c) as the applicable standard. That section provides:

If you do not have any impairment or combination of impairments which *significantly limits* your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education and work experience.

*Id.* (emphasis added).

Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here. *See Bowen v. Yuckert*, 107 S.Ct. at 2299 (O'Connor, J., concurring); *see, e.g., Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir.1984); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir.1985); *Farris v. Secretary of Health & Human Services*, 773 F.2d 85, 88–89 (6th Cir.1985); *Brady v. Heckler*, 724 F.2d 914, 919 (11th Cir.1984). The Fifth Circuit expressed clearly the rationale for the limited construction:

[The current definition for not-severe impairment] must be read in light of the earlier regulations defining severe impairment adopted in 1968, for, as explained by the Secretary in the Federal Register, the new terminology was intended solely to clarify, not to change,

the definition of "severe impairment." The change in language was not accompanied by "an intention to alter the levels of severity for a finding of disabled or not disabled." 43 Fed.Reg. 55357–55358. In the 1968 regulations, non-severe impairment is described as, "... a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or combination of abnormalities." 20 C.F.R. § 404.1520(a) (1968).

*Estran v. Heckler*, 745 F.2d 340, 340–41 (5th Cir.1984). We agree that at the time of Yuckert's claim, the severity regulation should have been applied in light of the 1968 regulation.

We observe that subsequent to the ALJ's decision here, the Secretary issued ruling 85–28 which clarifies the application of the regulation by providing adjudicators with guidelines for interpreting not-severe impairment in section 404.1520(c). Social Security Ruling 85–28, [1987 Ruling Supp.] Social Sec.Rep.Serv. (West) 470 (SSR 85–28); *see Bowen v. Yuckert*, 107 S.Ct. at 2299 (O'Connor, J., concurring). The ruling states that "an impairment is found not severe ... when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have *no more than a minimal effect* on an individual's ability to work." SSR 85–28 (emphasis added); *see McDonald v. Secretary of Health & Human Services*, 795 F.2d 1118, 1124–25 (1st Cir.1986) (analyzing ruling 85–28). The Secretary's interpretation in Ruling 85–28 suggests that, even today, the severity regulation should be applied in light of the 1968 regulation.

## VI.

Here, the ALJ relied solely on the wording of section 404.1520(c) to require that Yuckert show her impairments significantly limited her ability to work. The record does not indicate that the ALJ considered the 1968 regulation. At the time Yuckert's claim was adjudicated, the Secretary had not altered the level of severity required for a finding of not disabled as defined by the 1968 regulation. *See Brady*, 724 F.2d at 919. We hold that the ALJ misapplied

the severity regulation to Yuckert's claim because he did not consider the 1968 regulation.

The Secretary does not challenge Yuckert's contention that the ALJ applied too stringent a standard at step two. Instead, he urges this court to apply the correct standard and determine from the record whether Yuckert's disability had no more than a minimal effect on her ability to work.

We reject the Secretary's request that we engage in factfinding. The Secretary's recommended course of action is inappropriate here because the ALJ's decision hinged upon his determination that Yuckert's testimony was not credible. " '[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary.' " *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982) (quoting *Waters v. Gardner*, 452 F.2d 855, 858 n. 7 (9th Cir.1971)). We cannot measure Yuckert's credibility by reference to the cold record.

The judgment of the district court is vacated. The district court is directed to remand this matter to the Secretary for further proceedings to apply the proper standard for step two of the evaluation process. Our opinion today does not suggest that SSR 85–28 should be applied retroactively to Yuckert's claim, nor do we decide whether the Secretary's construction contained in SSR 85–28 is a proper application of the severity regulation.

VACATED AND REMANDED.