870 F.2d 1392
 25 Soc.Sec.Rep.Ser. 220, Unempl.Ins.Rep. CCH 14555A
George M. HUDSON, Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services of the
United States, or his successor or successors in
office Appellee.
 No. 88-2193 EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 10, 1989.
Decided March 15, 1989.
 
 1
 Timothy C. Harlan, Columbia, Mo., for appellant.
 
 
 2
 Janet Braggs, Kansas City, Mo., for appellee.
 
 
 3
 Before JOHN R. GIBSON and MAGILL, Circuit Judges, and WATERS, District Judge.*
 
 
 4
 H. FRANKLIN WATERS, District Judge.
 
 
 5
 George Hudson appeals the district court's decision denying his application for disability insurance benefits under Title II and XVI of the Social Security Act, 42 U.S.C. Sec. 401 et seq. For the reasons discussed, we reverse the judgment of the district court.
 
 I. BACKGROUND
 
 6
 George Hudson filed an application for social security disability benefits under Title II on December 30, 1980, claiming a disability onset date of May 26, 1977. The Secretary denied Hudson's application on February 9, 1981, and this determination was not pursued. Mr. Hudson's disability insured status expired on September 30, 1980.
 
 
 7
 Subsequently, on December 26, 1984, Mr. Hudson applied for disability benefits under Title II and Title XVI again claiming a disability onset date of May 26, 1977. Mr. Hudson alleges that he became unable to work from May 26, 1977, because he suffers chronic low back pain secondary to degenerative joint disease and degenerative joint disease of the knees. Additionally, Hudson allges he suffers from residual paresis stemming from a cerebral vascular incident.
 
 
 8
 Hudson's application was denied both initially and on reconsideration. At Hudson's request, a hearing was held before an Administrative Law Judge (ALJ) on July 16, 1985. The ALJ concluded that appellant did not have a severe impairment with regard to his claim for Supplemental Security Income benefits and that the decision of February 9, 1981, was res judicata as to the Title II benefits. The ALJ also found that appellant's subjective evidence concerning pain and disability prior to the expiration of his insured status was not credible.
 
 
 9
 The appeals council, May 26, 1986, denied appellant's request for review of the ALJ's decision. Thus, the ALJ's recommended decision stands as the final decision of the Secretary. Hudson sought judicial review of the Secretary's decision denying benefits.
 
 
 10
 The district court in its June 24, 1987, order concluded that the ALJ had considered the entire case on the merits. This decision rendered judicial review appropriate to the extent the disability claim is treated as having been reopened as a matter of administrative discretion. See Jelinek v. Heckler, 764 F.2d 507, 508-09 (8th Cir.1985). The case was then referred to Magistrate William S. Bahn who recommended that the Secretary's motion for summary judgment be granted. The Magistrate in his recommendations incorporated the district court's finding that the prior determination had been reopened. The district court accepted this recommendation and Hudson now appeals.
 
 
 11
 Hudson is fifty-three years old and has a high school education. In the past he has worked as a meat cutter, machinist, and supervisor. In 1977, Hudson quit his job due to back trouble and two strokes, which he claims made him unable to work.
 
 
 12
 At the hearing before the ALJ, Hudson gave testimony concerning his medical background which led to his disablement. Hudson complained of lower back pain and sharp pain in his legs which he stated had been virtually constant for ten years. Hudson stated he has trouble bending, suffers from dizziness, and is in pain if he remains standing or sitting for more than thirty minutes at a time. Hudson also suffers from numbness in his arms and hands. Hudson's daily activities consist primarily of reading and watching television while sitting or lying down. Hudson stated he attempts to help his wife with the dishes and shopping. He does not engage in social activities and has no hobbies. He does very little yard work.
 
 
 13
 Medical evidence submitted at the hearing included records from the University of Missouri Medical Center at Columbia. Those records show he was hospitalized in May of 1978 for a cerebral vascular accident or stroke. In July, 1978, he underwent a rheumatologic consultation at the University of Missouri Medical Center Clinic where he was diagnosed as having chronic low back pain secondary to degenerative disc disease and a lumbosacral muscle strain. He was also diagnosed as having degenerative joint disc disease of the knees.
 
 
 14
 In addition to the hospital reports the medical evidence included reports of various treating physicians. The evidence revealed that Hudson suffered from moderately advanced degenerative changes throughout the lumbar spine, a generalized arthritic process, and chronic bronchitis. On July 15, 1985, Hudson was seen by Dr. John W. Payne who noted marked degenerative arthritic changes of L4 and L5 with almost complete blockage of L5-S1. Dr. Payne further noted degenerative changes throughout his spine.
 
 
 15
 The ALJ in regard to Hudson's Title II claim found "there is no new or material evidence to warrant reopening the prior determination and since the claimant is not insured for disability insurance benefits after September, 1980, that decision is res judicata." In regard to Hudson's claim for Supplemental Security Income the ALJ found that although there was evidence of "mild residuals of CVA and degenerative joint disease," Hudson had not met the severity requirement of the second step of the sequential evaluation process,[1] and was therefore not disabled.
 
 
 16
 On appeal, Hudson argues that the Secretary improperly applied the step two severity test in light of Bowen v. Yuckert, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In addition, Hudson argues that the ALJ's determination of no disability was not supported by substantial evidence.
 
 II. DISCUSSION
 
 17
 Appellee initially contends that the district court erred in finding that the ALJ reopened the Title II denial determination of February 9, 1981.[2] We agree. It is well-settled that the decision not to reopen a prior dismissal of an earlier application is not reviewable under Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). However, a claim may properly be treated as having been reopened as a matter of administrative discretion where the Secretary reconsiders the merits of the application previously denied. See Underwood v. Bowen, 807 F.2d 141 (8th Cir.1986); Jelinek v. Heckler, 764 F.2d 507 (8th Cir.1985). "Consequently, the final decision of the Secretary denying such a claim is also subject to judicial review to the extent it has been reopened." Jelinek, 764 F.2d at 508-09 (citations omitted). Thus, Jelinek provides a narrow exception to Califano. See Underwood v. Bowen, 807 F.2d at 143.
 
 
 18
 The narrow exception created by Jelinek does not apply to this case. A review of the record indicates the ALJ merely recited the evidence accompanying the application to determine whether there were sufficient grounds to reopen the prior application. See 20 C.F.R. Secs. 404.988 and 404.989. After finding no new or material evidence warranting reopening, the ALJ concluded the prior denial was res judicata as to the Title II claim. The ALJ then proceeded to evaluate the evidence on its merits in order to decide the issue of disability on Hudson's application for Supplemental Security Income. The ALJ's conclusion that Hudson was not disabled was made in regard to his Title XVI application. The district court in deciding the ALJ had in fact reopened the prior determination erred when it relied on the portions of the ALJ's report dealing with Title XVI. The district court in so doing failed to note the ALJ was also considering Hudson's claim for Supplemental Security Income.[3] Accordingly, we conclude the prior Title II determination is entitled to res judicata effect and judicial review is not warranted.
 
 
 19
 Next, Hudson maintains the ALJ improperly applied step two of the sequential evaluation process. Hudson argues the severity regulation was invalid as applied because the ALJ required him to demonstrate an impairment which significantly limits his ability to perform basic work-related activities. This regulation requires a finding of "not disabled" if the claimant does not "have any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities...." 20 C.F.R. Sec. 404.1520(c). Under current regulations an impairment is non-severe if it falls into the definitions located at 20 C.F.R. Secs. 404.1521 and 416.921. If an individual is found not to have a severe impairment the evaluation process ends at step two.
 
 
 20
 This procedure has been upheld by the Supreme Court in Bowen v. Yuckert, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In Brown v. Bowen, 827 F.2d 311 (8th Cir.1987), this court discussed the impact of Yuckert and noted:
 
 
 21
 On June 8, 1987, the Supreme Court held that the second step of the sequential evaluation process was not per se invalid. See Bowen v. Yuckert, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In regard to the application of that standard, however, a majority of the Court adopted a standard which provides that '[o]nly those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits without undertaking' the subsequent steps of the sequential evaluation process. Id. 482 U.S. at 158, 107 S.Ct. at 2299.
 
 
 22
 Brown, 827 F.2d at 312.
 
 
 23
 Thus, a majority of the Supreme Court has adopted what has been referred to as a "de minimus standard" with regard to the step two severity standards. See Funderburg v. Bowen, 666 F.Supp. 1291 (W.D.Ark.1987). According to the Court:
 
 
 24
 The statute does not permit the Secretary to deny benefits to a claimant who may fit within the statutory definition without determining whether the impairment prevents the claimant from engaging in either his prior work or substantial gainful employment that, in light of the claimant's age, education, and experience, is available to him in the national economy. Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits [at step two]. (citations omitted).
 
 
 25
 Yuckert, 482 U.S. at 158, 107 S.Ct. at 2299. See also Yuckert v. Bowen, 841 F.2d 303 (9th Cir.1988). As noted by the Court of Appeals for the Ninth Circuit, the Secretary has issued ruling 85-28 which provides adjudicators with guidelines for interpreting Section 404.1520(c). Social Security Ruling 85-28, [1987 Rule Supp.] Social Sec.Rep.Serv. (West) 470 (SSR 85-28). Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988). "The ruling states that an impairment is found not severe ... when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988) quoting SSR 85-28 (emphasis added).
 
 
 26
 Thus, the sequential evaluation process can be terminated at step two only in cases where there is no more than a minimal effect on the claimant's ability to work. The correct standard was not utilized in this case.
 
 
 27
 We hold that the ALJ applied too stringent a standard at step two. In light of the foregoing, we remand to the district court with directions to it to remand to the Secretary to determine whether Hudson's impairments are sufficiently severe to satisfy the standard set forth by the majority of the Supreme Court discussed supra. If, on remand the Secretary decides Hudson's impairments are sufficiently severe the Secretary should proceed with the sequential evaluation. We do not suggest by this opinion that Hudson is, in fact, disabled; rather we only decide the ALJ improperly applied the step two severity regulation.
 
 
 28
 Reversed and remanded for action consistent with this opinion.
 
 
 
 *
 The HONORABLE H. FRANKLIN WATERS, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation
 
 
 [1]
 20 C.F.R. Secs. 404.1520 and 416.920, identical provisions, outline the five-step sequential evaluation process used by the Secretary in determining disability for purposes of disability income benefits and Supplemental Security Income benefits
 
 
 [2]
 The appellant contends appellee cannot raise the res judicata issue as appellee did not object to the district court's order concerning the issue or to the Magistrate's recommendation which incorporated the district court's finding. Appellee admits it did not object to this finding but states it is not precluded from raising the issue now since failure to object to a magistrate's order does not preclude consideration of a question of law. In Francis v. Bowen, 804 F.2d 103 (8th Cir.1986), we said that a failure to object to a magistrate's recommendations does not result in the waiver of the right to appeal a question of law. The rule set forth in Francis v. Bowen applies to this case. Thus, appellee may raise this issue
 
 
 [3]
 This failure was in part due to the ALJ's failure to clearly separate the two issues