947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hermine TER-HAROUTUNIAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, HHS, Defendant-Appellee.
 No. 90-56099.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 10, 1991.*
Decided Oct. 25, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hermine Ter-Haroutunian appeals the decision of the district court granting summary judgment to the Secretary of Health and Human Services and affirming the denial of her claim for Supplemental Security Income ("SSI"). We reverse.
 
 FACTS
 
 3
 Hermine Ter-Haroutunian ("Ter-Haroutunian") applied for SSI. Her claim for benefits was denied initially and on reconsideration. She appeared before an Administrative Law Judge ("ALJ"), who found that Ter-Haroutunian suffers from "a very mild depression which would not significantly affect her ability to perform basic work activities." The ALJ concluded that Ter-Haroutunian is not disabled because she does not have a severe impairment as required by 20 C.F.R. § 416.920(c). He, thus, excluded her at step two of the five step analysis provided for in 20 C.F.R. § 416.920(b)-(f). After the Appeals Council denied review of the ALJ's decision, Ter-Haroutunian sought review in the district court. The magistrate judge found that there was substantial evidence to support the ALJ's decision. The district judge adopted the findings of the magistrate judge and entered summary judgment for the defendant.
 
 
 4
 Ter-Haroutunian is a 56-year-old Armenian immigrant with a third grade education and no previous work experience. She claims that she is unable to work because of nervousness and anxiety as well as pain in her joints. The record contains medical evidence from five sources. Dr. Rafayel Gevorkian, who reported that he had treated Ter-Haroutunian for more than a year, stated that she was disabled as a result of anxiety and depression, mild mental retardation, and arthritic pain. Dr. yetenekian, a clinical psychologist, administered intelligence tests to Ter-Haroutunian. These tests indicated that Ter-Haroutunian has an I.Q. between 59 and 65. Dr. Yetenekian diagnosed Ter-Haroutunian with depression and organic brain syndrome. Dr. Yetenekian also opined that she was disabled.
 
 
 5
 The Social Security Administration arranged two consultative exams for Ter-Haroutunian. Dr. Laird Cagan reported that Ter-Haroutunian showed moderate symptoms of depression and anxiety and suggested that she would benefit considerably from psychiatric counseling. Dr. Parviz Imani diagnosed a mild reactive depression and a dependent personality and described Ter-Haroutunian's level of adaptive functioning as poor. Dr. Imani stated Ter-Haroutunian would be unable to cope with stresses common in the work environment, although he thought Ter-Haroutunian could manage a low-stress job.
 
 
 6
 Dr. Sidney Walter, a clinical psychologist, testified at the hearing as a medical expert. Dr. Walter dismissed Ter-Haroutunian's low I.Q. scores as unreliable because of cultural bias. From his evaluation of the medical evidence, Dr. Walter concluded that the appellant had a mild depressive syndrome including psychomotor retardation, decreased energy, and difficulty concentrating and thinking. Dr. Walter told the ALJ that these impairments were not severe, but stated that Ter-Haroutunian's occupational functioning would be poor. In a post-hearing letter to the ALJ, Dr. Walter stated that Ter-Haroutunian "does have functional limitations that may severely limit her from work activities."
 
 STANDARD OF REVIEW
 
 7
 This court reviews de novo the district court's grant of summary judgment. McAllister v. Sullivan, 888 F.2d 599, 601 (9th Cir.1989). The factual findings of the Secretary, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).
 
 DISCUSSION
 
 8
 In order to be found disabled, a claimant for SSI must have a severe impairment. 20 C.F.R. § 416.920(c) (1991). See Bowen v. Yuckert, 482 U.S. 137, 146-152, 107 S.Ct. 2287, 2293-97, 96 L.Ed.2d 119 (1987) (upholding the severity requirement). An impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities such as walking, sitting, understanding and carrying out instructions, or responding appropriately to supervision and usual work situations. 20 C.F.R. § 416.921 (1991). The Secretary has issued an interpretive guideline explaining the severity requirement. Social Security Ruling 85-28. This ruling states that an impairment is not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." Id. We have endorsed a de minimus interpretation of the severity requirement. Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988).
 
 
 9
 We conclude that when the severity requirement is correctly interpreted in accordance with S.S.R. 85-28, the ALJ's determination that Ter-Haroutunian's impairment is not severe is not supported by substantial evidence. Rather, the evidence indicates that Ter-Haroutunian's impairment has more than a minimal effect on her capacity to do such things as understand and carry out instructions, use judgment, respond appropriately to supervision, and deal with changes in a routine work setting. 20 C.F.R. § 416.921 (1991). None of the examining doctors indicated that Ter-Haroutunian's depression would have no effect on her work-related abilities. Indeed, all of those who addressed the question concluded that Ter-Haroutunian's occupational functioning would be poor at best.
 
 
 10
 As to the medical expert, Dr. Walter, it is apparent that in telling the ALJ that Ter-Haroutunian has no severe impairment, Dr. Walter was not referring to the de minimus severity test applied at step two of the disability evaluation process. 20 C.F.R. § 416.920(c). Rather he was referring to the more rigorous test of severity that a claimant must satisfy to meet part B of listing 12.04. 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.04(B). The Psychiatric Review Technique Form (PRT) completed by Dr. Walter along with his statements to the ALJ indicate his belief that while Ter-Haroutunian does not have a listed impairment, she does have significant limitations in her ability to perform work-related activities. See 20 C.F.R. § 416.920a(c) (1991). This also explains his otherwise seemingly inconsistent letter to the ALJ.
 
 
 11
 Thus the ALJ erred when he excluded Ter-Haroutunian at the second step of the analysis.[1]
 
 
 12
 REVERSED and REMANDED to the district court for remand to the Secretary for further proceedings consistent with this opinion.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We express no opinion on the proper application of the remaining parts of the five step analysis to this case