**Joyce VICK, Plaintiff–Appellant,**

v.

**William A. HALTER,\* Commission-er of the Social Security Adminis-tration, Defendant–Appellee.**

No. 99–35880.

D.C. No. CV–98–01196–REJ.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2001.\*\*\*

Decided March 15, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*

Joyce Vick appeals the district court's judgment affirming the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits under Title II of the Social Security Act. The Commissioner's decision that Vick was not disabled is supported by substantial evidence and free of legal error.

During the period in question, Vick was able to bowl at least once a week, babysit two small children on a regular basis, go on vacation with her husband in the car, go shopping with her daughter often, and grocery shop every week by herself or with her husband. Based on Vick's ability to engage in such activities,

---

\* William A. Halter is substituted for his predecessor, Kenneth S. Apfel, as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the finding that she is not disabled is not erroneous.

The ALJ also did not err in holding that Vick lacked a severe impairment. A severe impairment is one that "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Vick presented no medical evidence to prove that her impairments would have "more than a minimal effect" on her ability to work. *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir.1988). Although the record contains reports of Vick's visits to various physicians, none of these reports refers to Vick's alleged limitations. She produced no medical evidence to support her alleged limitations of inability to stand, walk, or sit for certain periods of time. In contrast, Vick's activities contributed to the finding that her impairments were not so "severe" as to render her disabled.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir.1999). In determining whether a claimant's testimony concerning the severity of subjective symptoms is credible, the ALJ may consider the claimant's daily activities. *See Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir.1996). The ALJ provided clear and convincing reasons for finding Vick's testimony not credible.

There is also no evidence that the ALJ improperly rejected lay testimony. To the contrary, the ALJ relied on the lay testimony in making his determination that Vick was not disabled.

The ALJ did not err in refusing to consider that Vick's condition satisfied the requirements of 20 C.F.R. § 404, subpt. P, app. 1, listing 9.09A. He was not required to contact Vick's physicians for additional medical information because the record did not support an inference that Vick met the listing for obesity.

Finally, the ALJ committed no error by failing to infer an onset date of Vick's alleged disability because his finding that Vick was not disabled was correct and supported by substantial evidence. *See Armstrong v. Comm'r of Soc. Sec. Admin.,* 160 F.3d 587, 590 (9th Cir.1998) (holding that, although the ALJ is required to assist a claimant in creating a complete record by inferring an onset date when there is ambiguity, the claimant has ultimate burden to prove disability exists).

AFFIRMED.