Steven MARKHAM, Plaintiff–
Appellant,

v.

Jo Anne BARNHART,* Commissioner,
Social Security Administration,
Defendant–Appellee.

No. 01–35457.
D.C. No. CV–00–05371–JKA.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002.**

Decided Jan. 25, 2002.

---

\* Jo Anne B. Barnhart is substituted for Larry G. Massanari as Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

MEMORANDUM ****

Steven Markham appeals the district court's judgment affirming the Commissioner of Social Security's ("Commissioner") denial of his application for disability insurance benefits under Title II of the Social Security Act. Claimant alleg-

---

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

es an inability to work beginning June 13, 1994 due to multiple fractures, injuries to his back and spine, arthritis, tendinitis and a mental impairment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order upholding the Commissioner's denial of social security benefits. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir.1995). The Commissioner's decision must be upheld if it is supported by substantial evidence and free of legal error. *Id.* We affirm.

■ The ALJ provided specific and cogent reasons for rejecting claimant's subjective complaints of symptoms because claimant's own testimony and objective medical reports undermined his credibility. *See id.* at 1464.

■ The ALJ properly discredited part of treating physician Dr. Mysliwiec's assessment of claimant's condition because it lacked objective clinical findings, conflicted with the reports of examining physicians, and was based on claimant's subjective complaints. *See Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992) (stating that an ALJ may reject the conclusory opinion of a treating physician if the opinion is unsupported by clinical findings).

■ Contrary to claimant's contention, the ALJ properly considered Dr. Kruger's psychological report. This report did not reveal a severe mental impairment that had more than a minimal effect on claimant's ability to work. *See Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.1988). Because the evidence did not show a non-exertional limitation, the ALJ properly relied on the grids. *See Razey v. Heckler*, 785 F.2d 1426, 1430 (9th Cir.1986). Accordingly, substantial evidence supports the ALJ's decision that claimant is capable

of performing light duty work without significant limitation. *See id.*

■ Finally, the Appeals Council's denial of claimant's request for remand was proper because the new evidence submitted did not refer to the relevant time period for his disability claim. *See Flaten*, 44 F.3d at 1461 n. 4 (noting that any deterioration in claimant's condition subsequent to the relevant time is irrelevant).

AFFIRMED.