Harold Wayne DOTSON, Plaintiff,

v.

Louis SULLIVAN, Secretary of the Department of Health and Human Services of the United States of America, Defendant.

No. 91–1217.

United States District Court,
C.D. Illinois.

July 1, 1992.

Thomas M. Henry, Henry & Henry, Peoria, IL, for plaintiff.

K. Tate Chambers, U.S. Atty., Peoria, IL, for defendant.

## ORDER

MIHM, District Judge.

Before the court are cross-motions for summary judgment. For the reasons set

forth below, the Plaintiff's motion for summary reversal (# 9) is denied and the Defendant's motion for summary affirmance (# 10) is granted.

## BACKGROUND

The Plaintiff Harold Dotson ("Dotson") is a 45 year old male who, at the time of the administrative hearing, lived in the Warner Homes in Peoria, Illinois. Dotson spent the bulk of the past 25 years incarcerated in different state prisons on a variety of convictions. He claims no work history other than prison jobs during his incarceration. Dotson was released from his most recent prison term in September of 1989. According to his administrative hearing testimony, Dotson, after his release from prison, spent his time satisfying his drug addiction. Dotson used heroin and cocaine daily, a habit which cost him $200 to $300 per day. Since he was unemployed, Dotson would "hustle" to get the money to support his habit—meaning that he would beg or steal.

On September 25, 1989, Dotson applied for supplemental security income ("SSI") payments, alleging that he became disabled in January of 1968 due to asthma, multiple allergies, and drug abuse. His application was denied initially and upon reconsideration. Pursuant to Dotson's request, a hearing was held before an administrative law judge ("ALJ") on October 12, 1990. Dotson was present at this hearing and was represented by counsel. On January 23, 1991, the ALJ issued a written decision denying benefits, finding that Dotson was not disabled because he was currently engaged in substantial gainful activity. Specifically, the ALJ found that, because Dotson was supporting a $200 to $300 per day drug habit through his "hustling," he must have been earning approximately $5,600 per month. The ALJ concluded that, regardless of the source, this income constituted substantial gainful activity which precluded Dotson from obtaining disability benefits. The Appeals Council denied review of the ALJ's decision and Dotson then brought this action for review pursuant to 42 U.S.C. § 405(g).

In his motion for summary judgment, Dotson makes three arguments supporting his request for a remand to the Secretary. First, Dotson argues that the ALJ's conclusion that he was engaged in substantial gainful activity through his hustling is not supported by substantial evidence. Second, Dotson argues that the money he spent to support his habit does not count in determining his income and that, when this money is subtracted, he has no income to support a finding of SGA. Third, Dotson argues that the ALJ's decision to count illegal proceeds as SGA in this case creates a violation of due process. This court rejects each of these arguments.

## DISCUSSION

██ In order to be entitled to SSI benefits, Plaintiff must be aged, blind, or disabled and must have limited income or resources. 20 C.F.R. §§ 416.202, 416.1100. Disability is defined as an inability to perform any substantial gainful activity because of a longstanding impairment. 20 C.F.R. § 416.905(a). Thus, if a claimant is engaged, or can engage, in substantial gainful activity, he will be found to be not disabled. 20 C.F.R. § 416.920. Substantial gainful activity is in turn defined as work which requires significant physical or mental activities and is done for pay or profit. 20 C.F.R. § 416.972. Disability alone does not entitle a claimant to SSI benefits, however. The claimant must also have limited income or resources. The more income a claimant has, the less benefits he will receive, if any at all. *See* 20 C.F.R. § 416.-1100. In this case, the ALJ found that Dotson was not disabled, and the inquiry ended before reaching the question of income. The question of Dotson's income was discussed, however, in terms of whether or not he was performing substantial gainful activity.

### I. *Substantial Evidence*

██ Dotson's first argument is that the ALJ's finding that he was engaged in substantial gainful activity is not supported by substantial evidence. The ALJ found that Dotson was obtaining $200 to $300 per day

from his hustling. Although Dotson did not testify that he made this much, he conceded that he consumed that much each day in drugs. Because Dotson testified that his drug habit was supported completely by his hustling, the ALJ deduced that Dotson must have been bringing in that much money each day as well. Dotson suggests that this inference is impermissible. This court disagrees. If Dotson testified that he spent $200 to $300 on drugs and that he obtained this money through hustling, the ALJ could conclude that Dotson was bringing in at least that much per day.

 Dotson also suggests that the ALJ erred in finding that he earned $200 to $300 each day because he testified that part of his hustling income was derived from panhandling. Dotson argues that, under 20 C.F.R. § 1121(g), this would constitute a gift and would not count in the substantial gainful activity calculation. This argument is also without merit. First of all, the regulation section cited by Dotson does not apply here. That section addresses what income is counted in assessing a SSI claimant's resources and income; it does not relate to the question of what constitutes substantial gainful activity in the disability analysis. In the regulation sections addressing substantial gainful activity, there is no discussion of whether gifts can constitute SGA. Even assuming that they cannot, the ALJ's decision still rests upon substantial evidence. The ALJ largely disbelieved Dotson when he testified that he was given money by other residents in the Warner Homes project. The ALJ noted that this was a poor neighborhood and that if Dotson did actually receive gifts from others, the amounts he received must have been a very small part of his $200 to $300 daily income. These credibility determinations by the ALJ are not to be disturbed on appeal unless clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). This court finds no such clear error here.

## II. *Deduction of Drug Costs*

Dotson next argues that, even if there is substantial evidence to find that he earned $200 to $300 per day, he spent all of that money on drugs which reduced his net income to zero. Dotson argues that the drug costs were in effect "work expenses" which should be deducted from his income. This argument too is without merit.

 The regulations do provide that certain impairment-related work expenses will be deducted from a claimant's income when assessing substantial gainful activity. *See* 20 C.F.R. § 416.976. However, to be deductible, such expenses must be incurred for "items and services which, because of your impairment(s), you need and use to enable you to work." *Id.* Dotson has made no showing that the cocaine and heroin he used on a daily basis was necessary to keep his stealing business afloat. As noted by the Secretary, Dotson did not use drugs in order to steal; rather he stole to obtain drugs. In this sense, Dotson's drug expenses are no more a work expense than grocery bills—they simply reflect the way he chose to spend his money.

## III. *Due Process*

Dotson's final argument is that the ALJ's finding that his hustling proceeds constitute substantial gainful activity creates a catch–22 which violates due process. Dotson suggests that if he did not hustle, the ALJ would have found that he was not really under the influence of drugs and therefore not disabled. Dotson contrasts that with the situation where the claimant is hustling to support his habit, in which case the ALJ would find him not disabled because he is engaged in substantial gainful activity.

 This argument blurs two distinct concepts—substantial gainful activity and impairment. If a claimant is engaged in substantial gainful activity, he will be found not disabled. If a claimant is not suffering from an impairment, he will be found not disabled. The claimant must satisfy both tests. However, one requirement does not negate the other. Dotson's suggestion that a finding of no substantial

gainful activity is going to lead to a finding of no impairment is completely without basis. The ALJ could find in any given case that a drug addict who was not engaged in substantial gainful activity was nonetheless under the influence of drugs and thereby impaired. *See O'Connor v. Sullivan,* 938 F.2d 70, 74 (7th Cir.1991).

## CONCLUSION

For the reasons set forth above, the Plaintiff's motion for summary reversal (# 9) is DENIED and the Defendant's motion for summary affirmance (# 10) is GRANTED.