**Jimmie L. JONES, Plaintiff,**

**v.**

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 91 C 4347.**

United States District Court, N.D. Illinois, E.D.

Aug. 3, 1992.

Robert M. Hodge, Chicago, Ill., for plaintiff.

Michele Marion Fox, U.S. Attorney's Office, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiff Jimmie L. Jones filed this action against defendant Louis W. Sullivan, M.D., Secretary of Health and Human Services, challenging the denial of his application for Social Security Supplemental Security Income ("SSI") disability benefits. For the reasons stated in this memorandum opinion and order, the Secretary's denial of plaintiff's application is affirmed.

## FACTUAL BACKGROUND

Plaintiff Jones applied for SSI on January 8, 1990, claiming a disability due to alcoholism, drug addiction, hypertension, diabetes and back pain. (Record, pp. 60–63.)[1] His claim was denied initially and again upon reconsideration. (PP. 73–76, 88–90.) A hearing was held before Administrative Law Judge ("ALJ") Patricia Dreyer Kelley on October 17, 1990. (PP. 23–59.) The ALJ issued an opinion denying benefits on December 20, 1990. (PP. 8–14.)

The ALJ denied benefits under 20 C.F.R. § 416.920(b), on the basis that claimant was currently engaged in "substantial gainful activity" and therefore was not disabled under the statute. (P. 12.) This conclusion was based on evidence that plaintiff engaged in illegal activity to acquire funds to finance his consumption of drugs and alcohol. The ALJ found Mr. Jones' illegal endeavors to be substantial gainful activity within the meaning of Social Security regulations.

The following testimony, given by the plaintiff under questioning from the ALJ, formed the evidentiary basis for the ALJ's decision:

Q. Do you do any other kind of street drugs besides alcohol?

A. I do heroin and cocaine.

Q. How much does this cost you per day to do heroin, cocaine and alcohol?

A. Right about $60.00 a day.

Q. And where do you get $60.00 a day?

A. I steal it, cars, somebody at a bar.

Q. Where do you steal it? Do you steal cars? Do you break into people's houses? Do you roll people? Shoplift?

A. I do anything to get that money if I—

Q. So you're pretty ingenious. That looks like a pretty good job you're doing there. Do you have other people work for you or do you work by yourself?

A. Just got to have, have the, I just go out there and try to get it.

Q. Do you plan these things in advance?

A. No, I don't.

Q. You just get the urge and then go out and do it basically?

A. Well, I know I've got to have it everyday, so I just go and it comes about.

(PP. 37–38.)

## DISCUSSION

When reviewing the ALJ's determination, this court's function is not to reweigh the evidence or to decide whether the claimant is actually disabled. *See Dugan v. Sullivan*, 957 F.2d 1384, 1387 (7th Cir.1992). The court can reverse the ALJ only if her decision is unsupported by substantial evidence or is the result of an error of law. *Id.* The term "substantial evidence" has been defined as such evidence as a reasonable mind might accept as adequate to support a conclusion. *See e.g.,*

**1.** Subsequent page citations are to the Certified    Administrative Record of this case.

*Ray v. Bowen,* 843 F.2d 998, 1001 (7th Cir.1988).

The issue presented in this appeal is whether the ALJ properly concluded that claimant, by virtue of his admitted criminal behavior, was currently engaged in substantial gainful activity. At 20 C.F.R. § 404.1572, substantial gainful activity is defined as "work activity that is both substantial and gainful." "Substantial" activity "involves doing significant mental or physical activities." 20 C.F.R. § 404.1572(a). "Gainful" activity is work done "for pay or profit." Under 20 C.F.R. §§ 404.1574(b)(2)(vii) and 404.1575(a)(2), work activity is generally deemed to be substantial gainful activity if it results in average earnings of more than $500 a month.

No statutory provision or regulation imposes a requirement that substantial gainful activity be lawful. As the ALJ pointed out, illegal activity can constitute a trade or business for purposes of the tax code. *See* Record at p. 13, citing *United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). This principle reflects an acknowledgement that individuals can do what is conventionally viewed as "work" in both illegal and legal settings. The recognition that criminal activity can involve "work" applies in the Social Security context as well. The court therefore rejects a conception of "substantial gainful activity" that would encompass only lawful behavior.

Instead of distinguishing between legal and illicit actions, the previously quoted regulatory definitions of "substantial" and "gainful" activity focus on whether the claimant's work activities required significant mental or physical effort and whether the claimant received meaningful income from his or her endeavors. Viewed according to these criteria, plaintiff Jones' admitted daily unlawful activities could properly be found to constitute substantial gainful activity within the meaning of the statute.

Plaintiff's activities were gainful, as he derived "pay or profit" from them. Mr. Jones testified to spending $60 a day on drugs and alcohol. At that rate, the average monthly cost of plaintiff's habits exceeded $1800. In light of plaintiff's testimony at the hearing, the ALJ was justified in finding that Mr. Jones raised this sum and financed his drug and alcohol consumption through street crime. Even allowing for some deviation or imprecision, Mr. Jones' income from his criminal activity comfortably surpassed the $500 a month benchmark income figure for evaluating whether he was engaged in substantial gainful activity.

The ALJ was likewise justified in finding that plaintiff's activities were "substantial," in that they involved significant mental or physical effort. To acquire the amount of money to which plaintiff testified, plaintiff had to execute his crimes on a daily basis. (Record, p. 38). Additionally, plaintiff had to work to avoid apprehension by law enforcement authorities. Although plaintiff gave only a vague description of his methods, the ALJ was entitled to infer that the accomplishment of Mr. Jones' criminal objectives necessarily involved considerable mental and physical exertion. In combination with the evidence of his income, Mr. Jones' testimony as to the extent of his criminal conduct provided substantial evidence that he was engaging in substantial gainful activity.[2] The ALJ was therefore justified in denying plaintiff's application.

## CONCLUSION

For the reasons stated in this memorandum opinion and order, the decision of the ALJ is AFFIRMED. This case is dismissed in its entirety.

---

2. In her opinion, the ALJ expressed views relating to the need to avoid giving encouragement "the drug culture." (See Record at p. 13.) These statements touched on questions of policy which are irrelevant to the ALJ's duty to apply the regulations issued by the Secretary. The ALJ's actual ruling was, however, grounded in the regulations and supported by substantial evidence. Consequently, the ALJ's irrelevant commentary provides no grounds for reversing her decision.