**Frank HART, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. C–92–1172 SBA.**

United States District Court, N.D. California.

Dec. 30, 1992.

904

Frederick G. Craw, San Francisco, CA, for plaintiff.

John A. Mendez, U.S. Atty., Stephen L. Schirle, Chief, Civ. Div., Mary Beth Uitti, Asst. U.S. Atty., San Francisco, CA, for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

ARMSTRONG, District Judge.

Plaintiff Frank Hart filed this action against defendant Louis W. Sullivan, M.D., Secretary of Health and Human Services, seeking review of the denial of his application for Social Security disability benefits. The matter is under submission on cross-motions for summary judgment. After having read the papers submitted, including the complete record from the hearing held before Administrative Law Judge Gilbert Pavlovsky on March 28, 1991, and for the reasons stated below, plaintiff's motion for summary judgment is denied and defendant's cross-motion for summary judgment is granted.

### I. BACKGROUND

Plaintiff is a forty-year-old male who has been abusing illegal drugs and alcohol for his entire adult life. He started using drugs when he was sixteen years old. (Record, p. 81) [1] He presently consumes seven or eight, twenty dollar bags of heroin daily. (p. 73) He also uses crack every night, (p. 71) and drinks approximately eight half-pints of hard liquor daily. (p. 85)

Plaintiff applied for Supplemental Security Income on March 21, 1990, claiming a back injury. (pp. 92–95) The application was denied initially and again upon reconsideration. (pp. 96–98, 101–103) A hearing was held before Administrative Law Judge ("ALJ") Gilbert Pavlovsky on March 28, 1991. The

---

1. All page citations are to the Certified Administrative Record of this case unless otherwise stated.

ALJ issued an opinion denying benefits on May 23, 1991. (pp. 47–50) The Appeals Council refused to review the ALJ decision on January 24, 1992. (pp. 6–7) Having exhausted his administrative remedies, plaintiff filed this complaint on March 25, 1992.

## II. *STANDARD OF REVIEW*

■ This Court reviews the ALJ's decision to make sure that the ALJ applied the correct legal standards and that the ALJ's findings are supported by substantial evidence. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir.1986). Substantial evidence is defined as "more than a mere scintilla ... but less than a preponderance" of evidence. *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir.1990) (citations omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

## III. *ANALYSIS*

The ALJ based his opinion on two theories. First, the ALJ found that plaintiff was not disabled because he is working and engaging in substantial gainful activity. *See* 20 C.F.R. 416.920(b). Second, the ALJ found that plaintiff was not disabled because he was capable of performing his past relevant work as a construction worker. *See* 20 C.F.R. 416.920(e). Because the Court agrees that plaintiff is working and engaging in substantial gainful activity, the Court does not reach the ALJ decision's second basis.

■ The first step in deciding whether a claimant qualifies for disability benefits is to consider whether the claimant is performing substantial gainful activities. *See Key v. Heckler*, 754 F.2d 1545, 1548 (9th Cir.1985). If the ALJ finds that the claimant is performing substantial gainful activities then the claimant is not disabled and the inquiry is closed. 20 C.F.R. 416.920(b) ("If ... the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience."); *see, e.g., Keyes v. Sullivan*, 894 F.2d 1053 (9th Cir.1990) (denying benefits based solely on claimant engaging in substantial gainful activities).

A work activity is substantial if it involves significant physical or mental activities. 20 C.F.R. § 416.972(a). It is gainful "if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 416.972(b).

The regulations include evaluation guides that establish a presumption of substantial gainful activity based on a claimant's earnings. 20 C.F.R. § 416.974. Average monthly earnings of over $300 in years before 1990, or $500 for years after 1990, create the presumption. 20 C.F.R. § 416.974(b)(2)(vi), (vii). Several circuits agree that the presumption is rebuttable by the claimant. *See Dugan v. Sullivan*, 957 F.2d 1384, 1390 (7th Cir.1992); *Milton v. Schweiker*, 669 F.2d 554, 556 (8th Cir.1982); *Coulter v. Weinberger*, 527 F.2d 224, 229 (3rd Cir.1975).

### A. *Illegal Activities Can Be Substantial Gainful Activities*

■ The ALJ based its finding of substantial gainful activity on Mr. Hart's illegal heroin distribution. Substantial evidence in the record establishes that as of the date of Mr. Hart's hearing, he was daily distributing 35 to 40 bags of heroin, with a street value of approximately $750. (pp. 73–74) He received 7 to 8 bags of heroin each day, with a street value of approximately $150, as compensation for his distribution efforts. (pp. 73–74)

Both plaintiff and defendant agree that the evaluation guides apply, regardless of the illegal nature of a claimant's income producing activity. However, this Court is not aware of any binding authority holding that illegal activities can be considered substantial gainful activities. Thus, the Court considers that proposition as a matter of first impression.

Neither statutory nor regulatory provisions impose a lawfulness requirement on substantial gainful activities. Furthermore, in the tax context, it is well established that money from illegal activities are included in calculations of income. *United States v. Sullivan*, 274 U.S. 259, 263, 47 S.Ct. 607, 607, 71 L.Ed. 1037 (1927) (illegal income is taxable).

In view of the deference owed an agency's interpretation of its own regulations, *Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983), this Court finds that the regulations do not exclude illegal activities from the definition of substantial gainful activities.

The Court's conclusion accords with the result in several unreported cases which bear striking similarities to the instant facts. *Corrao v. Sullivan,* No. 91–0174 (S.D.Cal. Feb. 21, 1992) (claimant's distribution of heroin is substantial gainful activity); *Jones v. Sullivan,* 804 F.Supp. 1045 (N.D.Ill.1992) (drug addict that regularly stole to maintain habit is engaged in substantial gainful activity); *Dotson v. Sullivan,* 813 F.Supp. 651 (C.D.Ill. 1992) (same). The Court is not aware of any contrary authority.

**B.  The ALJ's Conclusion That Mr. Hart's Distribution of Heroin is Substantial Gainful Activity is Supported by Substantial Evidence**

The record shows that plaintiff is moving at least $700 worth of heroin daily. For his efforts, he receives at least $140 of heroin daily. On a monthly basis, plaintiff's "business" has revenues of over $21,000 yielding plaintiff over $4,000 worth of heroin for personal consumption.

■ The ALJ based the finding of substantial gainful activity both on the evaluation guides and the definition of substantial gainful activity. With regard to the evaluation guides, the ALJ found that plaintiff's activity generated in-kind income close to ten times the amount necessary to establish the presumption of substantial gainful activity.

Plaintiff contends that it was legal error for the ALJ to consider heroin to be in-kind income. Plaintiff relies on 20 C.F.R. § 416.-1130 for the proposition that in-kind income includes only food, clothing, or shelter. This reliance is misplaced. That section defines income for the purpose of calculating the amount of the benefit after the agency decides the claimant is disabled. The amount of cash or its equivalent actually received has no relevance to an inquiry regarding substantial gainful activity. The issue is wheth-

er "it is the *kind of work usually done for pay or profit,* whether or not a profit is realized." 20 C.F.R. § 416.972(b) (emphasis added); *see Dotson,* 813 F.Supp. at 653 (refusing to apply 20 C.F.R. § 416.1121(g) which subtracts gifts from income to the substantial gainful activity context). Because plaintiff's activity was a type that would usually yield income of over $500 per month, the ALJ decision to apply the presumption was supported by substantial evidence.

■ Plaintiff argues, however, that the presumption was rebutted. Specifically, plaintiff argues that an activity is not a substantial gainful activity if it is detrimental to the claimant's health. *Dugan v. Sullivan,* 957 F.2d 1384, 1391 (7th Cir.1991). Plaintiff asserts that drug distribution contributes to his poor health because it leads to his use and increased addiction to heroin.

While the Court is sympathetic to a drug addict's "vicious cycle of dependence", plaintiff's argument is not persuasive. Under plaintiff's theory, even lawful jobs performed by a drug addict would not be substantial gainful activity, because the drug addict would take his earning and buy harmful drugs. The exception for activities detrimental to the claimant's health applies only when the work activity itself is harmful.

In the present case, the conclusion that plaintiff's drug distribution was not harming his health is supported by substantial evidence. The record shows that Mr. Hart was able to fulfill his distribution responsibilities simply by standing on a street corner. (p. 74) The alleged harmful effects are entirely caused by the plaintiff's consumption of his profits, not the distribution itself.

■ The ALJ also concluded that plaintiff's work is within the definition of substantial gainful activity without relying on the evaluation guides. The record supports the ALJ's conclusion that plaintiff's work activity involves significant physical or mental activities. In particular, the ALJ was entitled to conclude that the work is *substantial* from the scope of plaintiff's operation and from plaintiff's ability to avoid apprehension by the authorities. The ALJ was also entitled

to conclude that drug dealing is *gainful* in that it is work usually done for pay or profit. Thus, the ALJ's finding that plaintiff is engaged in a substantial, gainful activity is supported by substantial evidence.

### C. *Full and Fair Record*

█ Plaintiff also argues that the case should be remanded to the ALJ because he failed to fulfill his duty to fully and fairly develop the record. As previously noted, however, the ALJ did not simply rely on a presumption of substantial gainful activity. Rather, the record fully supports the proposition that plaintiff's drug distribution activity fits squarely within the definition of a substantial gainful activity. Plaintiff was represented by counsel. Both plaintiff and counsel were given a fair opportunity to bring forward any relevant evidence at the hearing.

The record shows that the ALJ carefully considered the twenty-four exhibits submitted by the parties as well as the testimony given at the hearing. The ALJ's conclusion that plaintiff is engaged in a substantial gainful activity is supported by substantial evidence in the well-developed record.

### IV. *CONCLUSION*

Having reviewed and considered all of the papers filed in connection with this motion, and for the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's motion for summary judgment is DENIED and Defendant's cross-motion for summary judgment is GRANTED.

IT IS SO ORDERED.