**In re Susann E. ROSTLER, Debtor.**

**Bankruptcy No. SA 91–30256 JR.**

United States Bankruptcy Court, C.D. California.

June 8, 1994.

Evan D. Smiley, Buchalter, Nemer, Fields & Younger, Newport Beach, CA, for trustee.

Warren A. Harms, Law Offices of Warren A. Harms, Carson, CA, for debtor.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

On September 16, 1993, Susann E. Rostler ("Debtor") filed an amendment to her bankruptcy schedules, claiming an increased homestead exemption of $100,000 under California Code of Civil Procedure ("C.C.P.") § 704.730(a)(3)(B). Debtor claimed that as a result of her pre-petition use of the drug L-tryptophan she was rendered disabled and unable to engage in substantial gainful employment. On October 12, 1993, Charles Daff, the Chapter 7 trustee ("Trustee"), objected to Debtor's amendment because the evidence indicated that Debtor was not entitled to the increased homestead exemption under C.C.P. § 704.730(a)(3)(B).

At a hearing on March 16, 1994, I took the matter under submission to determine whether Debtor was entitled to the increased exemption under C.C.P. § 704.730(a)(3)(B).

### JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) (1994) (the district courts shall have original and exclusive jurisdiction of all cases under title 11), 28 U.S.C. § 157(a) (1994) (authorizing the district courts to refer all title 11 cases and proceedings to the bankruptcy judges for the district), and General Order No. 266, dated October 9, 1984 (referring all title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) (1994).

### FACTS

On January 19, 1991, Debtor filed a voluntary petition for relief under Chapter 7 of the

Bankruptcy Code (the "Petition Date").[1] On February 1, 1991, Trustee was appointed.

On September 16, 1993, Debtor filed an amendment to her bankruptcy schedules, claiming a $100,000 homestead exemption under C.C.P. § 704.730(a)(3)(B), which allows an increased exemption based upon a debtor's inability to work as the result of a disability.

At Debtor's examination under Federal Rule of Bankruptcy Procedure ("Rule") 2004 on April 30, 1991, Debtor testified that she had operated her own retail garment business for the eight years prior to her bankruptcy and before that took business and finance courses at the University of Southern California. Debtor also testified that since the filing of bankruptcy, she had closed her retail store but continued to sell women's fashions as a "jobber."[2] Debtor also testified that she was studying for the California real estate broker's examination and that she had a position available to her in real estate sales if she did not pass the broker's examination.

On March 3, 1993, Richard M. Rees, M.D. ("Dr. Rees") examined Debtor. On April 1, 1993, Dr. Rees opined that as a result of Debtor's pre-petition use of L-tryptophan, Debtor was suffering from Eosinophilia Myalgia Syndrome ("EMS"). According to Dr. Rees, beginning late 1990 or early 1991, Debtor experienced memory deficiency and mental confusion. Dr. Rees' opinion was based primarily on Debtor's statements, and he stated that he did not rely on Debtor's

prior medical records because they were unavailable. Despite a lack of medical records, Dr. Rees concluded that Debtor had EMS, and no other diagnosis explained her condition. Based on his EMS diagnosis, Dr. Rees opined that Debtor was, and is, incapable of gainful employment.

Debtor also testified that she had EMS symptoms as of the Petition Date. Debtor, therefore, asserts that she is entitled to the increased homestead exemption under § 704.730(a)(3)(B) because, due to her EMS, she was incapable of substantial gainful employment.

Trustee objects to Debtor's increased exemption, asserting that Debtor, as of the Petition Date, was not suffering from a physical or mental disability. Trustee further asserts that even if Debtor was suffering from a physical or mental disability as of the Petition Date, she had not shown that the disability rendered her unable to engage in substantial gainful employment as required by § 704.730(a)(3)(B).

At the hearing on March 16, 1994, I took the matter under submission to determine whether Debtor was entitled to the increased exemption under C.C.P. § 704.730(a)(3)(B).

### DISCUSSION

Bankruptcy Code ("Code") § 522(b)[3] provides an individual debtor with a choice between federal and state exemption systems unless the applicable state prohibits its debtors from electing the federal exemptions.

---

1. On April 17, 1991, Debtor's Chapter 7 case was converted to Chapter 13. On September 10, 1991, I reconverted Debtor's case to Chapter 7.

2. As a "jobber," Debtor acquired an inventory of garments and employed others to sell the garments on her behalf.

3. Code § 522(b)(1) provides:
   Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—
   (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and
(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law.

Pursuant to C.C.P. § 703.130,[4] California has expressly disallowed its debtor citizens from claiming exemptions pursuant to § 522(d). Instead, California has established its own exemption system contained in C.C.P. §§ 704.010 et seq. Under the California system, homestead exemptions are codified in C.C.P. § 704.730(a).[5] A debtor may elect the exemptions set forth in C.C.P. § 704.730(a), provided that the debtor is eligible for an exemption as of the date of the petition. *In re Dore,* 124 B.R. 94, 98 (Bankr.S.D.Cal. 1991).

Rule 4003 sets forth the requirement that the debtor file a list of his or her exempt property. Rule 1009 provides that an amendment to the debtor's listed exemptions can be made at any time before the case is closed. If no objection is raised to the debtor's list of exempt properties within 30 days of the amendment, or within such time as the court orders, the debtor's claimed exemptions are automatically approved and are not subject to review or revocation. *Taylor v. Freeland & Kronz,* —— U.S. ——, ——, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280, 287 (1992). If an objection is timely raised, Rule 4003(c) provides that the objecting party has the burden of proving that the exemption is not properly claimed. *In re Moffat,* 107 B.R. 255, 258 (Bankr.C.D.Cal.1989).

On September 16, 1993, Debtor properly amended her schedules to claim the increased exemption under § 704.730(a)(3)(B). On October 12, 1993, Trustee timely filed an objection to Debtor's claimed exemption. Trustee, therefore, has the burden of proving that Debtor is not entitled to the $100,000 homestead exemption under C.C.P. § 704.-730(a)(3)(B).

■ C.C.P. § 704.730(a)(3)(B) is a relatively new addition to California's scheme of property exemptions. Since its enactment in 1991, California courts have provided little guidance on how to apply the exemption. The plain language of C.C.P. § 704.-730(a)(3)(B), however, establishes two requirements. First, the debtor has a mental or physical disability. Second, as a result of the mental or physical disability, the debtor is unable to engage in substantial gainful employment. When asserting the exemption in bankruptcy, these conditions must exist as of the date of the petition. *Dore,* 124 B.R. at 98.

■ Addressing the first requirement of § 704.730(a)(3)(B), Trustee asserts that Debtor's evidence is insufficient to establish that she had a mental or physical disability as of the Petition Date. Specifically, Trustee argues that because Dr. Rees' diagnosis did not specify the exact date that Debtor began suffering from EMS, it is unclear whether Debtor had EMS as of the Petition Date.

The Ninth Circuit recognizes that a mental disability is not as easy to substantiate by objective laboratory testing as a medical impairment. *Lazarich v. Heckler,* 593 F.Supp. 766, 770 (N.D.Cal.1984). In general, mental disorders cannot be ascertained and verified like physical illnesses because, unlike other parts of the body, the mind cannot be probed by mechanical devices to obtain objective clinical manifestations of mental illness. *Le-*

---

**4.** C.C.P. § 703.130 provides:

> Pursuant to the authority of paragraph (1) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not authorized in this state.

**5.** C.C.P. § 740.730(a) provides that the amount of a homestead shall be:

> (1) Fifty thousand dollars ($50,000) unless the judgment debtor or spouse of the judgment debtor who resides in the homestead is a person described in paragraph (2) or (3).
>
> (2) Seventy-five thousand dollars ($75,000) if the judgment debtor ... resides in the homestead at the time of the attempted sale and was a member of a family unit.

> (3) One hundred thousand dollars ($100,000) if the judgment debtor or spouse of the judgment debtor who resides in the homestead is at the time of the attempted sale of the homestead any one of the following:
>
> (A) A person 65 years of age or older.
>
> (B) A person physically or mentally disabled and as a result of that disability is unable to engage in substantial gainful employment. There is a rebuttable presumption affecting the burden of proof that a person receiving disability insurance benefit payments under Title II or supplemental security income payments under Title XVI of the federal Social Security Act satisfies the requirements of this paragraph as to his or her inability to engage in substantial gainful employment.

bus v. Harris, 526 F.Supp. 56, 60 (N.D.Cal. 1981). Moreover, the Ninth Circuit has suggested that "there may be people who are really disabled, and can be found so by medically acceptable clinical diagnostic techniques, even though laboratory techniques do not support the diagnosis." Flake v. Gardner, 399 F.2d 532, 540 (9th Cir.1968). Here, Dr. Rees diagnosed Debtor as suffering from EMS as of the Petition Date. Under Federal Rule of Evidence ("FRE") 104, this evidence must be given some weight. Russell, Bankruptcy Evidence Manual, 1993 Ed., § 104.

Debtor also testified as to her symptoms as of the Petition Date, further supporting Dr. Rees' diagnosis. Trustee offered no evidence in response. Under the circumstances, I find that Trustee has failed to meet his burden of proving that Debtor was not suffering from EMS as of the Petition Date. Accordingly, Debtor has satisfied the first requirement of C.C.P. § 704.-730(a)(3)(B).

■ Turning to the second requirement of C.C.P. § 704.730(a)(3)(B), Trustee asserts that Debtor's deposition testimony shows that she was able, and did, engage in substantial gainful employment as of the Petition Date. In response, Debtor maintains that she was unable to maintain substantial gainful employment and again offers Dr. Rees' and her own testimony to support her contention.

As a preliminary matter, Debtor requests that I review her prior testimony in light of her affliction with EMS. Debtor contends that EMS affected her memory and, therefore, the accuracy of the testimony that she gave at her 2004 examination. FRE 601, however, does not recognize mental capacity as a basis for witness incompetency, although the court can give some weight to this factor. Russell, Bankruptcy Evidence Manual, 1993 Ed., § 601.2. As long as Debtor testified from personal knowledge and understood her duty to tell the truth, Debtor was competent

to testify. Here, Debtor had personal knowledge of the facts because she was testifying about her own experiences. Additionally, Debtor acknowledged that she understood the duty to tell the truth. I observed Debtor testify in this proceeding and found her competent. She understood the issues and gave cogent testimony. I did not observe her having memory losses or difficulty understanding the questions. I find no merit in Debtor's request to disregard unfavorable prior testimony while weighing testimony favorable to her cause.

Turning to the substantive requirements of C.C.P. § 704.730(a)(3)(B), as of the Petition Date, Trustee must show that Debtor was able to engage in substantial gainful employment.

■ The legislative history and case law have not defined the phrase "substantial gainful employment." Section 704.-730(a)(3)(B) does presume that a recipient of federal disability benefits under Subchapters II[6] or XVI[7] of the Social Security Act (the "Act")[8] is unable to engage in substantial gainful employment. In order to qualify for disability benefits under the Act, a claimant must show that he or she is disabled and, as a result of the disability, is unable to engage in "substantial gainful activity." Lackey v. Celebrezze, 349 F.2d 76, 77 (4th Cir.1965). Because § 704.730(a)(3)(B) refers to the Act and uses the same qualifying language when determining a disability, I will look to the Act cases for guidance in interpreting the meaning of "substantial gainful employment."

In Corrao v. Shalala, 20 F.3d 943, 946 (1994), the Ninth Circuit held that the definition of "substantial gainful activity" under the Act focuses on the nature of the claimant's work activities. The Corrao court held that work activity is "substantial" if it involves significant physical or mental activities. Id. Work activity is "gainful" if it is the kind of work usually done for pay or profit, whether or not a profit is realized. Id. at 946. Self-employment as well as com-

6. 42 U.S.C. §§ 401–433 (federal old-age, survivors, and disability insurance benefits).

7. 42 U.S.C. §§ 1382–83 (supplemental security income for aged, blind, and disabled).

8. 42 U.S.C. §§ 301, et seq.

petitive employment is included within the definition of "substantial gainful activity." *Campbell v. Flemming,* 192 F.Supp. 62, 63 (1961).

I find that to qualify for the § 704.-730(a)(3)(B) exemption, therefore, Debtor must have been, as of the Petition Date, unable to: (1) perform meaningful mental or physical work-related activity; (2) in a competitive or self-employed position; (3) that normally results in pay or profit.

■ Here, Debtor operated her own retail garment business for the eight years prior to bankruptcy. As of the Petition Date, she had closed her retail location, but continued to operate the business by purchasing inventory and employing others to act as sales representatives on her behalf. As a sole proprietor, Debtor made hiring, purchasing and other business decisions that significantly impacted her ability to maintain the retail operation. As further indicia of Debtor's work-related capabilities, Debtor planned to enter the real estate field. These business and career planning decisions necessarily required meaningful, work-related, mental activity.

Debtor's self-employed status as a "jobber," does not prevent a finding of substantial gainful employment. *Campbell,* 192 F.Supp. at 63. Additionally, Debtor indicated that she planned on entering the field of real estate and was confident of obtaining a position as a sales agent. Her opinion of her work-related abilities along with her operation of a retail garment business negates a finding that Debtor was unable to maintain substantial gainful employment as of the Petition Date.

Debtor testified that she earned $800 a month from her retail business. Her income was also supplemented by her mother during this period. It is not necessary that Debtor generate sufficient income for support for her to be considered gainfully employed. Rather, the relevant inquiry is whether she was engaged in a business that normally results in pay or profit. *Corrao,* 20 F.3d at 946. The $800 monthly profit that Debtor did make supports a finding that she was involved in a profit-making enterprise.

Moreover, she planned on generating additional income as a real estate agent.

In response, Debtor asserts that Dr. Rees testified that she was unable to engage in gainful employment as of the Petition Date. Dr. Rees, however, was not Debtor's physician at the time. In fact, he did not examine Debtor until March 3, 1993, more than two years after the Petition Date. In light of Debtor's own testimony that she was actually employed as of the Petition Date and had the realistic expectation of additional employment in the real estate field, I am not persuaded by Dr. Rees' opinion,

Accordingly, I find that Trustee has satisfied his burden of proving that Debtor, despite her EMS, was able to maintain substantial gainful employment as of the Petition Date. Debtor, therefore, is not entitled to the increased homestead exemption.

## CONCLUSION

Trustee failed to establish that Debtor did not have EMS, a disabling condition, as of the Petition Date. Trustee, however, did show that Debtor was able to engage in substantial gainful employment as of the Petition Date.

Because both requirements for an increased exemption under C.C.P. § 704.-730(a)(3)(B) have not been satisfied, Trustee's objection to Debtor's increased exemption is sustained.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This Memorandum Opinion shall constitute my findings of fact and conclusions of law.