Colleen SWEENEY, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.

No. 04–35403.

D.C. No. CV–03–00102–GF–CSO.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2006.*

Decided Jan. 18, 2006.

Richard J. Martin, Linnell Newhall Martin & Schulke, PC, Great Falls, MT, for Plaintiff—Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Stacy Tempel–St.John, Linnell, Newhall, Martin & Schulke, P.C., George F. Darragh, Jr., Office of the U.S. Attorney, Great Falls, MT, for Defendant—Appellee.

Before KLEINFELD and GRABER, Circuit Judges, and RAFEEDIE,[**] District Judge.

### MEMORANDUM[***]

Claimant Colleen Sweeney appeals from an adverse decision of the Commissioner of Social Security, which the district court upheld, on this claim for disability insurance benefits. We affirm.[1]

Claimant disputes the finding of the administrative law judge ("ALJ") at Step Five of the five-step sequential evaluation. *See Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir.1994) (discussing steps). He found that Claimant is not disabled because she retains the residual functional capacity to perform a limited range of semi-skilled and unskilled sedentary jobs that exist in sufficient numbers in the national economy.

Claimant asserts that, in reaching that conclusion, the ALJ failed to take into account her bilateral carpal tunnel syndrome and improperly discounted her own assessment of her limitations. We disagree.

The ALJ expressly acknowledged that Claimant has carpal tunnel syndrome and,

in fact, listed "carpal tunnel syndrome, status—post left carpal tunnel release" among several "severe" impairments at Step Two. The ALJ considered Claimant's medical records and testimony, which included discussion of carpal tunnel syndrome. The fundamental issue is the extent to which this acknowledged impairment limits Claimant's ability to work.

The ALJ permissibly discounted Claimant's subjective complaints of the extent of her limitations as inconsistent with the medical records. For example, Dr. Hinde, the treating physician, found that Claimant had no limitation in reaching, handling, or feeling, and Dr. Treptow, an examining physician, found that Claimant had equal bilateral hand grip and intact sensation over her fingertips. Additionally, the ALJ permissibly relied on Claimant's daily activities, such as caring for her home and children, and her part-time work, for several months after the carpal tunnel release, as a licensed practical nurse, as inconsistent with her alleged limitations. *See Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir.1988) (upholding an adverse social security decision as supported by substantial evidence when the claimant had been able to work even with her impairment).

The vocational expert ("VE") testified that *if* Claimant's limitations from carpal tunnel syndrome were as she described them, then she could not perform substantial gainful activity. But the VE also testified that Claimant *could* perform the jobs identified if Dr. Hinde's findings were accepted. The ALJ was entitled to reject

---

[**] The Honorable Edward Rafeedie, Senior Judge, United States District Court for the District of Central California, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The parties dispute the standard of review to be applied. We need not resolve their disagreement, because the result here would be the same on either de novo review or review for abuse of discretion.

the former evidence and accept the latter, having permissibly rejected the claim of greater limitations. *Osenbrock v. Apfel,* 240 F.3d 1157, 1164–65 (9th Cir.2001).

AFFIRMED.