**Charles E. HAMPTON, Plaintiff—Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 04–56760.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2006.

Decided June 15, 2006.

Kerry C. O'Neill, Esq., O'Melveny & Myers, LLP, Los Angeles, CA, Steven J. Olson, Esq., O'Melveny & Myers LLP, Inglewood, CA, for Plaintiff–Appellant.

Charles E. Hampton, Inglewood, CA, pro se.

Elizabeth Firer, SSA—Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: THOMAS and GOULD, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Charles Hampton appeals the district court's order affirming the denial of disability insurance benefits by an Administrative Law Judge ("ALJ").[1] Hampton alleges that he should have been determined disabled because of his severe pain and weakness in his neck and right elbow.[2] After considering medical reports and the testimony of Hampton, a medical expert, and a vocational expert, the ALJ found that Hampton retained the residual functional capacity to perform his past relevant work as a movie extra. The district court, through the Magistrate Judge acting by consent, affirmed the decision of the ALJ. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the district court's order.

■ Substantial evidence supports the finding that the movie extra work was past relevant work. "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). In 1987 and 1989, Hampton earned enough as a movie extra to satisfy the regulatory presumption that this work was substantial gainful activity. Hampton's attorney did not attempt to rebut this presumption but rather stipulated to this finding upon request by the ALJ.[3] In addition, the total length of time that Hampton worked as a movie extra, from June 1987 to September 1995,

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The parties consented, pursuant to 28 U.S.C. § 636(c), to resolution of their case by United States Magistrate Judge Jeffrey W. Johnson, who was to conduct appropriate proceedings. As pertinent here, thereafter the parties submitted a Joint Stipulation concerning the claims, which were resolved by the Magistrate Judge in the district court as explained herein.

2. Hampton must establish that he was disabled and unable to engage in substantial gainful activity between the alleged onset date of disability on February 1, 1996 and his last date insured on June 30, 1997. *See Vertigan v. Halter*, 260 F.3d 1044, 1047 (9th Cir.2001).

3. Hampton argues on appeal that his counsel could not stipulate to the legal conclusion that the extra work was substantial gainful activity, but could only stipulate to the relevant underlying facts. We agree that a stipulation may be ineffective if the underlying facts were inconsistent with a finding of substantial gainful activity. However, we construe the stipulation as an acceptance by Hampton's counsel that the regulatory presumption applied and that there were no extraordinary facts to mer-

supports a finding that the extra work was past relevant work, despite its necessarily part-time nature.[4]

 Also, the ALJ did not err in adopting the vocational expert's testimony that movie extra work did not generally require overhead reaching, which was Hampton's primary functional limitation according to the medical testimony. "In order for an ALJ to accept vocational expert testimony that contradicts the Dictionary of Occupational Titles, the record must contain persuasive evidence to support the deviation." *Pinto v. Massanari,* 249 F.3d 840, 846 (9th Cir.2001) (internal quotation marks omitted). Hampton asserts that the finding that movie extra work did not generally require overhead reaching impermissibly contradicts the statement in the Dictionary of Occupational Titles ("DOT") that extra work requires frequent reaching, with reaching defined elsewhere as "extending hand(s) and arm(s) in any direction." The vocational expert's testimony, which relied on her personal experience with clients who worked as extras and her presence on movie sets, provided persuasive evidence to support the ALJ's deviation from the DOT listing. Her testimony, in addition to the medical expert's testimony and other medical reports, also provided substantial evidence to support the finding that Hampton retained the functional capacity to perform this work.

**AFFIRMED**

it departure from this presumption. We see no error in the ALJ accepting this stipulation. We discuss below whether substantial evidence supports this conclusion.

4. Hampton argues that the ALJ, even when faced with the stipulation of Hampton's counsel that the movie extra work was past relevant work, had an independent duty to develop the record in ways that would show that it was not past relevant work. Although an ALJ has a duty to develop the record in Social Security cases, which are not considered entirely adversarial, *see Corrao v. Shalala,* 20 F.3d 943, 948 (9th Cir.1994) ("While it is clear that Corrao's 'income' establishes a presumption that he is engaged in SGA, these guidelines are only a presumption and do not relieve an ALJ of the duty to develop the record fully and fairly" (internal quotation marks omitted)), under the circumstances of this case Hampton has not shown that the ALJ violated a duty to develop the record. Further factual development into the inherently intermittent nature of extra work, as suggested by Hampton on appeal, would not undermine a finding that the movie extra work involved "significant physical or mental activities," *id.,* and should count as substantial gainful activity and past relevant work. Hampton also suggests that the ALJ erred in preventing further testimony by Hampton into the extent that his impairments hurt his ability to perform his past extra work. This area of inquiry implicates whether Hampton retained the residual functional capacity to return to this type of work during his period of insurability. As discussed further below, substantial evidence supports the ALJ's finding that Hampton retained the capacity to return to extra work as generally performed.