**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENISE THOMAS, | No. 08-16609 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-04186-EMC |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, Magistrate Judge, Presiding

Submitted November 6, 2009**
San Francisco, California

Before: NOONAN and W. FLETCHER, Circuit Judges, and DUFFY,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kevin Thomas Duffy, Senior United States District
Judge for the Southern District of New York, sitting by designation.

Denise Thomas ("Thomas") appeals the district court's summary judgment affirming the Commissioner of Social Security's denial of her claim of disability insurance benefits under Title II of the Social Security Act. The district court upheld the finding of the Administrative Law Judge ("ALJ") that Thomas was not eligible for benefits because she had engaged in substantial gainful activity during the alleged period of disability. We affirm.

This court reviews a district court's order upholding the Commissioner's denial of benefits de novo. *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000). We will set aside a denial of benefits only if "it is not supported by substantial evidence or if it is based on legal error." *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990)).

There is a five-step analysis for determining whether a claimant is eligible for disability benefits. *See Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994); 20 C.F.R. § 404.1520. A claimant will be disqualified at step one if he or she is engaged in "substantial gainful activity." *See Corrao*, 20 F.3d at 946; 20 C.F.R. § 404.1571. Substantial gainful activity is work activity that is both "substantial," involving "significant physical or mental activities," and "gainful," done "for pay or profit." 20 C.F.R. § 404.1572. If a claimant's earnings surpass an amount

2

specified by the Social Security regulations, there is a presumption of substantial gainful activity, but that presumption may be rebutted by the claimant. *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990).

The ALJ held that Thomas had engaged in "substantial gainful activity" within the meaning of 20 C.F.R. § 404.1571, and was therefore not disabled. In support of this conclusion, the ALJ found that Thomas' earnings between 2002 and 2004 created a presumption of substantial gainful activity. The ALJ also found that Thomas' responsibilities as a caregiver for her three grandchildren constituted substantial work activity.

Thomas challenges the ALJ's finding on several grounds. First, Thomas argues that there was not substantial evidence to support a finding of substantial gainful activity. However, the record shows that Thomas' earnings surpassed the monthly maximum set by Social Security regulations. Based on this evidence, the ALJ properly found that Thomas' earnings created a presumption of substantial gainful activity. *See* 20 C.F.R. 404.1574(b); *Keyes*, 894 F.2d at 1056. In addition, Thomas' own testimony established that during her work hours Thomas was the responsible adult in the household, and was expected to respond to any emergency situation that arose. Reviewing the record as a whole, this evidence is sufficient to support the ALJ's finding that Thomas had engaged in substantial gainful activity.

3

Next, Thomas argues that the ALJ erred in finding that the presumption applied because the ALJ did not reduce her earnings by the "subsidy" that she was paid, as required under 20 CFR § 404.1574(a)(2). Thomas claims that because her tasks were minimal and she was asleep for the majority of her work hours, she was paid more than the true value of her work and therefore her countable earnings should have been reduced. According to Thomas, if her earnings had been properly reduced, the presumption would not have applied.

Evidence in the record establishes that Thomas was not paid a subsidy. Even while she was asleep, Thomas was expected to be on call, and would have attended to any emergency that arose during the night. In this way, by her mere presence Thomas provided value that justified the money earned over the whole night. Thomas also does not provide evidence that she was paid less than her true value. She points only to evidence that she performed lesser tasks than a standard "child monitor," but identifies no evidence that she performed lesser tasks than an unimpaired person would have performed in the same position, which is the relevant comparison for determining whether a subsidy has been received. *See* 20 C.F.R. § 404.1574(a)(2). The evidence cited by Thomas does not show that she was paid more than the true value of her work, and therefore the ALJ did not err in failing to find that she was paid a subsidy.

4

Finally, Thomas asserts that even if the ALJ properly applied the presumption of substantial gainful activity, the ALJ still erred in failing to find that she had rebutted the presumption. We have previously held that a presumption of substantial gainful activity can be rebutted by such factors as "time spent working, quality of a person's performance, special working conditions, and the possibility of self-employment." *Katz v. Sec'y of Health & Human Servs.*, 972 F.2d 290, 293 (9th Cir. 1992). Thomas asserts several bases for her rebuttal.

Thomas argues that during her work hours her only duty was to be present and available, and this low level of performance rebuts the presumption of substantial gainful activity. While it is true that her work responsibilities were limited, there is countervailing evidence in the record establishing that her work was substantial. Thomas testified that she began this work to cover her daughter's nighttime work schedule, and the record shows that the sole requirement of the position—supervision at night—was entirely satisfied by Thomas. Thomas also testified that she was responsible for addressing any emergency that might arise. Based on this evidence, the ALJ concluded that Thomas' work responsibilities were substantial. Under the substantial evidence standard, "[w]here the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 599 (9th Cir. 1999).

5

Accordingly, the ALJ's interpretation of the work performance evidence supports a finding that she did not rebut the presumption of substantial gainful activity.

Thomas also argues that the ALJ did not properly credit the vocational expert's testimony; however, the vocational expert's testimony is not conclusive on whether Thomas' activities were substantial. The vocational expert testified that typically a child monitor is not paid for hours when the child monitor is asleep, but also testified that a babysitter on a night shift could be allowed to sleep until there is an emergency. Because the vocational expert's testimony was equivocal, at this first step in the analysis the ALJ was free to resolve any conflicts in evidence against Thomas.

Lastly, Thomas argues that she rebutted the presumption of substantial gainful activity by showing that her work was subject to special conditions, as described in 20 C.F.R. § 404.1573. Thomas' argument misconstrues the regulation. Section 404.1573(c) describes "special conditions" as those that "*take into account your impairment*, such as work done in a sheltered workshop or as a patient in a hospital." 20 C.F.R. § 404.1573(c) (emphasis added). The special conditions identified by Thomas are simply the conditions of the position—Thomas' daughter only needed someone to take supervise her children between the hours of 10:00 p.m. and 7:30 a.m., while she was at work. Thus, there is substantial evidence to conclude that

6

Thomas was not working under special conditions, and Thomas therefore failed to rebut the presumption of substantial gainful activity.

**AFFIRMED.**