Ray ARANT–LIVINGSTON,
Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.

No. 03–56751.

D.C. No. CV–02–04122–AHM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2005.*

Decided Sept. 19, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephanie M. Simpson, Northridge, CA, for Plaintiff–Appellant.

Grace B. Carter, SSA—Social Security Administration, Office of The General Counsel, San Francisco, CA, for Defendant–Appellee.

Before WALLACE, SILVERMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Appellant Arant–Livingston (Livingston) appeals from the district court's entry of summary judgment in favor of the Commissioner of the Social Security Administration (Commissioner), affirming denial of disability benefits. We affirm.

We review de novo a district court's judgment affirming the Commissioner's denial of benefits. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002). In re-

viewing a disability determination, our review is limited to: (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (2) whether the correct legal standards were applied. *Id.*

█ There is substantial evidence to support the Commissioner's findings that Livingston does not meet the listings of impairments in the applicable federal regulations for asthma (3.03(b)), affective disorders (12.04), or other vertebrogenic disorders(1.05(c)). The Commissioner's finding with respect to asthma is supported by the absence of a twelve month examination period, the lack of pulmonary tests, and insufficient duration for many of the claimed attacks. Additionally, the attacks did not occur "in spite of prescribed treatment" as Livingston has not quit smoking, as his doctor had repeatedly prescribed him to do. Even assuming Livingston's testimony establishes that he would be required to miss three to four days of work after each attack, this testimony was properly discounted by the medical evidence and by Livingston's failure to quit smoking. *See Osenbrock v. Apfel,* 240 F.3d 1157, 1166 (9th Cir.2001).

The Commissioner's findings concerning affective disorders are supported by the examinations of Antelope Valley Mental Health Services, the Veterans Affairs Department (VA), and Dr. Magid. The finding regarding back pain is supported by the examinations of Dr. Rashti and the VA. Additionally, the medical report of Dr. Wilson was properly disregarded as short and conclusory. *See Thomas,* 278 F.3d at 957.

█ Livingston also alleges that the Administrative Law Judge (ALJ) went vocational "expert shopping" in order to secure

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

more favorable testimony. This argument is without merit as Livingston's mere allegations of improper appearance do not come close to meeting his high burden in establishing bias. *See Rollins v. Massanari,* 261 F.3d 853, 858 (9th Cir.2001). Moreover, the reason given by the ALJ (more fully developing the record of Livingston's past work) appears reasonable and supported by the record.

Lastly, Livingston alleges the ALJ improperly considered his household and daily activities as evidence that he was not disabled. However, this evidence was properly considered. *See Corrao v. Shalala,* 20 F.3d 943, 949–50 (9th Cir.1994); 20 C.F.R. § 404.1520a(c).

AFFIRMED.