**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DONNA LEAZENBY, | No. 14-16002 |
| Plaintiff - Appellant, | D.C. No. 4:13-cv-00132-DTF |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
D. Thomas Ferraro, Magistrate Judge, Presiding

Argued and Submitted May 11, 2016
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Donna June Leazenby sought judicial review of the Social Security

Administration's denial of her application for disability insurance benefits. The

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

district court granted summary judgment for the government, and Leazenby appealed. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

**1.** Leazenby did not carry her high burden of showing the Administrative Law Judge ("ALJ") was biased against her. *See Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999) ("ALJs and other similar quasi-judicial administrative officers are presumed to be unbiased."). The ALJ's decision to hold a second hearing and elicit testimony from a second vocational expert does not show that he was biased against Leazenby. *See Arant-Livingston v. Barnhart*, 148 F. App'x 630, 631–32 (9th Cir. 2005) (rejecting plaintiff's argument that the ALJ went "vocational 'expert shopping,'" and therefore violated plaintiff's due process right to a fair hearing).

**2.** The ALJ provided "'specific, clear and convincing reasons for' rejecting [Leazenby's] testimony regarding the severity of [her] symptoms." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Leazenby testified that her anxiety and post-traumatic stress disorder made it impossible for her to work. The ALJ discounted this testimony in part because "[t]he claimant's medical records do not support the severity and frequency of the claimant's alleged symptoms," and "[t]the claimant has described daily activities, which are not limited to the extent

2

one would expect, given the complaints of disabling symptoms and limitations."

Both reasons qualify under our case law as legitimate reasons for rejecting a claimant's subjective testimony, *see Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008), and the record supported the ALJ's analysis.

**3.** The ALJ properly weighed medical and lay opinion evidence before concluding that Leazenby had the residual functional capacity ("RFC") to perform medium work with several mental limitations. The ALJ incorporated into the RFC many of the functional limitations identified by treating physician Dr. Nicholas. The ALJ was entitled to reject Dr. Nicholas's opinion that Leazenby "is unable to fulfill employment obligations at this time," because that opinion was inconsistent with the opinions of several other treating and examining sources who believed Leazenby could work in a quiet, independent setting. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (ALJ may reject a treating physician's opinion that is "conclusory, brief, and unsupported by the record as a whole or by objective medical findings" (emphasis omitted)). The ALJ's RFC assessment limited Leazenby "to jobs that allow only occasional interaction with her supervisors and co-workers." This limitation fairly encompassed examining physician Dr. Ertl's

observation that Leazenby "would probably have difficulty if a supervisor was a male."

The ALJ gave "some weight" to the opinions of licensed clinical social worker Margaret Pofahl and licensed professional counselor Jeff Harvey, incorporating many of their observations about Leazenby into his RFC assessment. The ALJ's treatment of these opinions was consistent with our case law and Social Security Administration guidelines. *See* SSR 06-3p, 2006 WL 2329939, at *6 (Aug. 9, 2006). The ALJ was likewise entitled to partially discount the opinions of Leazenby's husband, brother, and former co-worker regarding Leazenby's ability to work because those opinions were inconsistent with the balance of the medical opinion evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a germane reason for discrediting the testimony of lay witness opinions.).

**4.** The Social Security Administration Appeals Council did not err when it declined to incorporate Dr. Fleming's report into the administrative record because the report did not "relate[] to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b); *cf. Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011).

**AFFIRMED.**